FILED
DEC - 5 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR. NO. 3:07CR317-WKW |
| ) | [18 USC § 922(g)(1)] |
| ROBERT DOUGLAS BARNETT ) | |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about May 5, 2005, in Lee County, within the Middle District of Alabama,

ROBERT DOUGLAS BARNETT,

defendant herein, having been convicted on or about the dates set forth below of the offenses set forth below, all felonies punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama:

| Conviction Date | Court | Case Number | Offense |
|---|---|---|---|
| January 31, 1991 | Circuit Court of Lee County, Alabama | CC-91-119 | Possession of a Pistol by a Felon |
| September 30, 1982 | Circuit Court of Lee County, Alabama | CC-82-591 | Robbery III |
| October 19, 1976 | Circuit Court of Lee County, Alabama | CC-76-1716 | Robbery |

did knowingly possess, in and affecting commerce, the following firearms: one .25 caliber Colt semiautomatic pistol and one .357 Smith & Wesson revolver, better descriptions of which are unknown to the grand jury. All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Count 1 of this indictment is repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment, the defendant,

ROBERT DOUGLAS BARNETT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

**one .25 caliber Colt semiautomatic pistol; and**

**one .357 Smith & Wesson revolver,**

**better descriptions of which are unknown to the grand jury.**

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
John T. Harmon
Assistant United States Attorney

_____
Nathan D. Stump
Assistant United States Attorney