**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                                                         ) | CASE NO: 3:07-CR-317-WKW |
| ) | |
| ) | |
| ROBERT DOUGLAS BARNETT          ) | |

**MOTIONS TO SUPPRESS SEIZURES AND STATEMENTS
WITH CITATIONS OF AUTHORITY**

**Introduction**

NOW COMES the Defendant, **ROBERT DOUGLAS BARNETT**, by counsel and pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, as well as the Fourth, Fifth and Sixth Amendments to the United States Constitution, and respectfully moves the Court for an Order prohibiting the government from introducing in this matter all items seized from the Defendant on or about May 4, 2005, all information obtained from such seizures, and all information, including statements, obtained as a result of Mr. Barnett's arrest, search and interrogations on or about May 4, 2005.

**Facts**

In support of these motions, the Defendant would show that police reports furnished to defense counsel by the Government indicate and allege the following:

1.   On or about May 4, 2005, around 12:22 a.m., Auburn city police officer Michael Creighton was driving in the area of Saugahatchee Road in Auburn, Lee County, Alabama, on routine patrol.

2. Officer Creighton encountered Mr. Barnett, walking.

3. Officer Creighton stopped and detained Mr. Barnett and questioned him.

4. Officer Creighton's report includes the following assertions:

> On the above date and time I was on routine patrol in the area of Saugahatchee Rd. and CSX RR. This is also where the business of The Highlands bar is located. There was a recent auto burglary at The Highlands on 5-3-05 that occurred between 2300 hrs and 0145 hrs (ref case number 05005549), after speaking with Officer McCormick, it was learned that the victim's vehicle in that auto burglary was parked in that back of the parking lot, near the dumpster, which is right next to the railroad tracks. While on patrol I observed a black male dressed in all dark clothing walking along the railroad tracks. I contacted him and asked for his identification. I asked where he was coming from and going to and he stated that he was coming from the bowling alley and walking home to Opelika along the tracks. While I was running his ID and checking for warrants Officer Morris arrived on scene. Due to the totality of the circumstances (the time of night, 00:22 hrs, the recent burglary, the all dark clothing and officer's safety reasons) I felt the need to search his bag that he was carrying.

5. Officer Creighton's report alleges that he asked for and received permission to search Mr. Barnett's gym bag.

6. The officers searched the gym bag being carried by Mr. Barnett.

7. The officers then searched smaller bags which were contained inside the gym bag.

8. The smaller bags contained two unloaded firearms and ammunition.

9. During his questioning by Officer Creighton and by other officers, Mr. Barnett made inculpatory statements concerning knowledge and ownership of the contents of the bags.

10. The officers placed Mr. Barnett under arrest for the state law violation of possession of a pistol without a permit.

11. The officers did not learn of Mr. Barnett's prior felony record until after Mr. Barnett was placed at the Lee County Jail.

12. The indictment in the present case was filed on or about December 5, 2007 and charges Mr. Barnett with one offense, a violation of 18 U.S.C. § 922(g), the offense of possessing a firearm at a time when he had been previously convicted of specified felonies.

**Grounds to Suppress**

13. The detention, arrest, seizure, search and questioning of Mr. Barnett were without warrant or voluntary or knowing consent and were conducted without lawful authority.

14. The searches described above and the consequent seizure of these items violated the Fourth, Fifth and Sixth Amendments, in that:

   a. The warrantless detention and arrest of Mr. Barnett on May 4, 2005 were without probable cause or proper legal authority.

   b. The search of Mr. Barnett on May 4, 2005 was the fruit of his improper detention and arrest and was without probable cause or proper legal authority.

   c. The interrogations of Mr. Barnett on May 4, 2005 were the fruit of his improper detention and arrest in violation of the Fourth Amendment and were in violation of his rights under the Fifth Amendment.

    d.  Mr. Barnett's waivers, if any, of his rights to refuse a police search or his rights to request counsel during custodial interrogation, were not knowing, voluntary, and intelligent under the totality of circumstances.

**Law**

  15. "An arrest is constitutionally valid, if 'at the moment an arrest was made, the officers had probable cause to make it.' *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Probable cause exists when 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.' Id.  Probable cause 'has come to mean more than bare suspicion,' but 'less than evidence which would justify condemnation' or conviction.'" *U.S. v. Thomas*, 11 F.3d 620, 627 (6th Cir. 1993) (citing and quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); *Locke v. United States*, 7 Cranch 339, 348, 3 L.Ed. 364 (1813).

  16. There must be a particularized finding of probable cause for the detention or arrest of a particular individual.  *U.S. v. O'Campo*, 492 F.Supp. 1211, (E.D.N.Y. 1980), citing *Ybarra v. Illinois*, 444 U.S. 1049, 100 S.Ct. 338, 342 (1979); *Sibron v. New York*, 392 U.S. at 62, 88 S.Ct. 1889, 1902 (1968).

  17. Mr. Barnett's walking along the road or railroad tracks did not constitute an offense.

4

18. Under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), the Government has a heavy burden "to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." 384 U.S. at 475, 86 S.Ct. at 1628.

19. The exclusionary rule principally serves "to deter future unlawful police conduct." *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974). "[T]he rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect . . ." Id. at 348, 94 S.Ct. at 620. Thus, the rule must be applied in light of its deterrent purpose. "Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure. *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 1081 (1961). This prohibition applies as well to the fruits of the illegally seized evidence. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974).

20. Under these circumstances, the items improperly and illegally seized; all information obtained from or as a fruit of such seizures; and all information, including statements, obtained as a result of Mr. Barnett's arrest, search and interrogations on or about May 4, 2005 and thereafter, must be suppressed.

                                              Respectfully submitted,

                                              <u>s/Christine A. Freeman</u>
                                              **CHRISTINE A. FREEMAN**

        TN BAR NO.: 11892
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Nathan Stump, Assistant United States Attorney, 131 Clayton Street, Montgomery, AL.

        s/Christine A. Freeman
CHRISTINE A. FREEMAN
TN BAR NO.: 11892
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org