IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:07cr317-WKW |
| ) | |
| ROBERT DOUGLAS BARNETT ) | |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this supplemental response to the defendant's suppression motion (Doc. #10) (hereinafter "Motion").

### Issue Presented

During the suppression hearing on February 7, 2008, Auburn Police Officer Michael Creighton testified that, upon discovering a .25 caliber pistol in the defendant's bag, he asked the defendant, "I suppose you don't have a permit for this, do you?" or a question of similar substance. The defendant reportedly responded in the negative, although whether he verbalized his response or simply shook his head is unclear. Both parties agree that at the time the question was posed, the defendant had not been advised of his Constitutional rights, as per *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). This Court has permitted the parties to submit supplemental briefing on whether the defendant's response should be suppressed as the fruit of an unlawful custodial interrogation.

### Argument

The defendant's statement – in essence, that he did not have a lawful permit to carry a concealed weapon – was voluntary and non-custodial. Indeed, as discussed more fully in the

Government's initial brief, the statement was made in response to a question posed during a valid *Terry* stop. *See* Doc. #23. Accordingly, the statement should <u>not</u> be suppressed.

The Supreme Court has long held that *Terry* stops are not subject to the dictates of *Miranda*. *See Berkemer v. McCarty*, 468 U.S. 420, 440 (1984). Rather, the safeguards prescribed by *Miranda* become applicable only when a suspect's freedom of action is curtailed to a "degree associated with formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983); *see also United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006). "[I]n order for a court to conclude that a suspect is in custody, it must be evident that, under the totality of the circumstances, a reasonable man in the suspect's position would feel a restraint on his freedom of movement fairly characterized as that 'degree associated with a formal arrest' to such extent that he would not feel free to leave." *United States v. Muegge*, 225 F.3d 1267, 1270 (11th Cir. 2000). In determining the totality of the circumstances, the court should consider, among other things, whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled. *See Street*, 472 F.3d at 1309 (citing *United States v. Long*, 866 F.2d 402, 405 (11th Cir. 1989)).

In this case, the totality of the circumstances surrounding the question establish that the defendant was not in custody at the time the response was given. The questioning took place outside and in a public place. Only two police officers were present, and neither had drawn his gun, touched the defendant, or exerted any physical force against the defendant. The officers had not told the defendant that he was under arrest. The defendant had not been handcuffed or placed in a patrol car, and the question was posed in a conversational tone. In short, a reasonable person in the defendant's position would not have believed that he was under arrest, or that his freedom of movement was restrained to the degree associated with a formal arrest.

Officer Creighton did testify during the suppression hearing that once he discovered the .25 caliber pistol, the defendant was not free to leave. But whether or not the defendant was free to leave is not dispositive; otherwise, the same could be said for every defendant who is stopped and briefly detained by police. *See generally United States v. Acosta*, 363 F.3d 1141, 1149 (11th Cir. 2004) (discussing *Berkemer v. McCarty*, 468 U.S. 420 (1984)):

> [T]raffic stops, like *Terry* stops generally, are indeed stops. A reasonable person knows that he is not free to drive away from a traffic stop until it is completed, just as a reasonable person knows that he is not free to walk away from a *Terry* stop until it is over. If the lack of freedom to leave were decisive, which is to say if every phrase in the *Miranda* opinion is to be applied literally, then all traffic stops as well as all *Terry* stops generally would be subject to the requirements of that decision. *Berkemer* establishes that they are not.

Moreover, according to Supreme Court jurisprudence, Officer Creighton's belief that the defendant was not free to leave is not even relevant to the inquiry, because that belief was never communicated to the defendant. *See Stansbury v. California*, 511 U.S. 318, 323 (1994) ("[A]n officer's views concerning the nature of an interrogation, or beliefs concerning the potential culpability of the individual being questioned, may be one among many factors that bear upon the assessment whether that individual was in custody, but only if the officer's views or beliefs were somehow manifested to the individual under interrogation and would have affected how a reasonable person in that position would perceive his or her freedom to leave.") (emphasis added); *see also id.* at 323 ("[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned."); *Berkemer*, 468 U.S. at 442 ("A policeman's unarticulated plan has no bearing on the question whether a suspect was "in custody" at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation."); *United States v. Moya*, 74 F.3d 1117, 1119 (11th

3

Cir. 1996) ("The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant.").

The facts of this case are analogous to those in *United States v. Denson*, No. 06-75, 2006 U.S. Dist. LEXIS 79430 (W.D. Pa. Oct. 31, 2006). In *Denson*, as here, the police officers witnessed the defendant with a gun in his possession. Immediately after a pat down (which the court found was part of a valid *Terry* stop), the officer asked the defendant in a conversational tone whether he had a license to carry a firearm. At the time that question was posed, the defendant was not handcuffed and was not in a police car, although he was not free to leave. In ruling <u>not</u> to suppress the defendant's response, the court concluded that the totality of the circumstances showed that the question –which was "brief," "benign and unintrusive" – was permissible as part of a lawful *Terry* stop. *See Denson*, 2006 U.S. Dist LEXIS 79430, at *13-14.[1]

Other courts have followed a similar analysis. *Compare, e.g.*, *United States v. Asberry*, No. 5:06cr330, 2007 U.S. Dist. LEXIS 17958 (N.D. Ohio Mar. 12, 2007) (holding that, where officers had guns drawn and the defendant was restrained against his vehicle, the defendant's statement that he did not have a permit for the gun was custodial and, in the absence of *Miranda* warnings, due to be suppressed); *with United States v. Gagnon*, No. 02-114-P-H, 2003 U.S. Dist. LEXIS 13 (D. Me. Jan. 2, 2003) (holding that, even though defendant was handcuffed, where officers did not have guns drawn and repeatedly advised the defendant that he was not under arrest, the defendant's statement that he did not have a permit for the gun was non-custodial and therefore *Miranda* warnings were not required).

---

[1] The *Denson* court also found, and it is worth noting here, that the statement would also be admissible under the inevitable discovery doctrine. *See Denson*, 2006 U.S. Dist. LEXIS 79430, at *15-23 (citing *inter alia Nix v. Williams*, 467 U.S. 431 (1984)).

4

**Conclusion**

At the time he was asked whether he had a permit to carry the .25 caliber pistol, the defendant was not in custody. Accordingly, any statement he made in response to that question was not subject to the requirements of *Miranda v. Arizona* and cannot be suppressed on those grounds. Nor can the statement be suppressed on any other grounds, since it was made voluntarily in response to a non-coercive question posed during a lawful *Terry* stop. Therefore, to the extent that the Motion seeks to exclude this statement from evidence at trial, the Motion should be denied.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

*/s/Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov

February 12, 2008

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  3:07cr317-WKW |
| | ) | |
| ROBERT DOUGLAS BARNETT | ) | |

**CERTIFICATE OF SERVICE**

I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 12th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically served a copy to Christine A. Freeman, Esq., counsel for the defendant.

    Respectfully submitted,

    */s/Nathan D. Stump*
    NATHAN D. STUMP
    131 Clayton Street
    Montgomery, AL 36104
    Phone: (334)223-7280
    Fax: (334)223-7135
    E-mail: nathan.stump@usdoj.gov